# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1444V

| | | |
|---|---|---|
| RICHARD LYKINS, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: September 5, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*John J. Patterson*, Luxon, Patterson & Himes, PLLC, Richmond, KY, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On September 19, 2019, Richard Lykins filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioner alleges that receipt of an influenza ("flu") vaccine on October 3, 2018, caused an abscess injury at the injection site. *Id.* In particular, Petitioner contends that the vaccine he received was administered by a Kentucky mobile vaccination entity that was later determined to have exercised inadequate safety control over its vaccines, resulting in numerous vaccinated individuals experiencing comparable abscess injuries.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

This matter was initiated at the same time as a number of related petitions brought by similarly-situated claimants, all of whom were represented by the same attorney.[3] The parties consented to resolution of entitlement in one "test case," the results of which could then be applied to the related cases. In April 2024, I ruled in favor of the test case petitioner, finding that the administration of the influenza vaccine had caused him to experience a right shoulder skin abscess associated with a bacterial infection. *See generally Silvers v. Sec'y of Health & Hum. Servs.*, No. 20-1V, 2024 WL 2799285 (Fed. Cl. Spec. Mstr. Apr. 25, 2024).

On July 17, 2025, Respondent filed his joint Rule 4(c) Report and Response to Motion for Ruling on the Record recommending that entitlement to compensation be denied. *See* Response, dated July 17, 2025 (ECF No. 30). Now, having reviewed the evidence in this case and taking into account the *Silvers* decision, Petitioner has filed Motion to Dismiss Pursuant to Rule 21(b). Motion, dated Aug. 29, 2025 (ECF No. 31). In his Motion, Petitioner recognizes that this dismissal will be with prejudice, and states that he does "intend to protect his rights to file a civil action in the future." *Id.* at 1.

Under Vaccine Rule 21(b)(1), a petitioner may request a decision dismissing a petition, even after preparation of Respondent's Rule 4(c) Report. Under such circumstances, the decision will result in a judgment, although the dismissal will be with prejudice (unless otherwise indicated). Rule 21(b)(1) and (2). Here, I find such a decision appropriate. To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). Petitioner cannot meet the relevant evidentiary standards and has not offered an expert report to support his claim (a step I deemed critical to substantiating entitlement in this case).

Accordingly, I hereby **DISMISS** the Petition with prejudice. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

       **IT IS SO ORDERD**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] *See generally Silvers v. Secretary of Health and Human Services* (No. 20-1V), *Stewart v. Health and Human Services* (No. 20-19V), *Williams v. Secretary of Health and Human Services* (No. 20-1048V), *Atkins v. Secretary of Health and Human Services* (No. 20-333V), and *Williams v. Secretary of Health and Human Services* (No. 20-1120V).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.